**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SANDRA FUNK** | : | |
| **PLAINTIFF,** | : | **Case No. 3:17-cv-260** |
| **v.** | : | **Judge Walter H. Rice** |
| **AIRSTREAM, INC., et al.** | : | **Magistrate Judge** |
| | | **Michael J. Newman** |
| **DEFENDANTS.** | : | |

**RESPONSE OF DEFENDANTS AIRSTREAM, INC. AND THOR INDUSTRIES, INC.**
**TO PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION,**
**EXPEDITED DISCOVERY AND COURT-SUPERVISED NOTICE TO**
**POTENTIAL OPT-IN PLAINTIFFS**

The Amended Complaint of Sandra Funk alleges, in part, violations of the federal Fair Labor Standards Act ("FLSA") and Ohio wage and hour law. Funk has moved this Court for an order conditionally certifying this case as a collective action under 29 U.S.C. § 216(b), alleging that Defendants Airstream, Inc. ("Airstream") and Thor Industries, Inc. ("Thor") are "joint employers" who have undercompensated hourly employees by failing to pay the correct overtime rate.. (ECF No. 17 and 26.) Plaintiff Funk also seeks this Court's approval of their proposed notice to potential opt-in Plaintiffs and of expedited discovery to identify potential opt-in Plaintiffs. (*Id.*)

The Court should deny Plaintiffs' motion as to Defendant Thor Industries ("Thor"). As to Thor, this case is not appropriate for class treatment under the FLSA's collective action provisions because Plaintiff Funk has nothing but a conclusory basis for alleging that Thor is a "joint employer" within the meaning of the FLSA. In reality, Thor is only the parent corporation of Defendant Airstream, which is by itself insufficient to ascribe "joint employer" status.

Though conditional certification may be proper (under the liberal standard imposed by Sixth Circuit precedent) as to Airstream, there is no basis upon which to subject Thor to being a collective action defendant.

## I.      Background

This case began as a lawsuit alleging Airstream's violation of the Family and Medical Leave Act ("FMLA"), arising out of Airstream's termination of Plaintiff Funk's employment due to absenteeism.  (ECF No. 1.)  For her part, Funk alleges that many of her absences were FMLA-qualifying and were not treated as such.  (*Id.*)  Plaintiff Funk later obtained leave to amend the complaint to add claims bases upon the alleged failure of Airstream to properly calculate her regular rate of pay for purposes of overtime compensation.  (ECF No. 15.)

Funk's First Amended Complaint re-pleads her FMLA allegations, but also adds claims under the FLSA and state law related to the allegedly improper calculation of overtime compensation.  (ECF No. 16.)  Specifically, Plaintiff Funk alleges for herself and other similarly situated that Defendants did not include nondiscretionary bonuses in its calculation of employees' regular rate of pay, resulting in an undercompensating of overtime wages.  (*Id.* at ¶ 31 and fn.1.)  Plaintiff Funk also adds Thor as a Defendant, alleging that Thor, which is the parent corporation of Airstream, is a "joint employer" within the meaning of the FLSA.  (*Id.* ¶ 12.)

A potential opt-in Plaintiff, Mark Satterly, has filed a notice to join the lawsuit and has submitted a supplemental witness statement in support of Plaintiff Funk's motion to certify.  (ECF No. 26.)  Mr. Satterly similarly asserts that he was not compensated properly for overtime hours and parrots Plaintiff Funk's joint employer allegations as to Thor.  (ECF No. 26.)

## II.    Argument

Section 16(b) of the FLSA (29 U.S.C. § 216(b)) permits employees, under certain circumstances, to collectively sue an employer for violations of the FLSA's wage and hour provisions.  The court will conditionally certify a class and authorize notice to potential class members if the named plaintiffs demonstrate that they are "similarly situated" to the other employees whom they seek to notify.  *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865 (S.D. Ohio 2005).  Following the notice period and after the parties have completed discovery, the defendant(s) can move to decertify the class, challenging the court's preliminary determination that other employees are similarly situated.  *Id*.  At the conditional certification stage, district courts use a "fairly lenient standard" in determining whether plaintiffs and potential plaintiffs are similarly situated.  *Id.*  In order to meet this standard, plaintiffs must make a "modest factual showing" demonstrating that the would-be class members are similarly situated.  *Id.  See also Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). Similarly situated class members are those "whose causes of action accrued in approximately the same manner as those of the named plaintiffs."  *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011).

For purposes of an FLSA collective action, "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs."  *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).  Plaintiffs may meet the similarly situated requirement if they demonstrate, at a minimum, that their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."  *Id.* at 585.  Notwithstanding the modest factual showing that the

3

named plaintiffs must make to support conditional certification, the court must nevertheless "be careful to guard against 'the 'stirring up' of litigation through unwarranted solicitation.'" *Lacy v. Reddy Elec. Co.*, No. 3:11-cv-52, 2011 U.S. Dist .LEXIS 142050, at *5 (S.D. Ohio Dec. 9, 2011) (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991)).

Notwithstanding the "fairly lenient" standard at the conditional certification stage, Plaintiffs must present some evidence to establish a colorable basis for a claim that a class of similarly situated actually exists. *See Rutledge v. Claypool Elec., Inc.*, No. 2:12-cv-159, 2012 U.S. Dist .LEXIS 178647, at *28 (S.D. Ohio Dec. 17, 2012). Though this evidentiary showing can be a "modest" one, "[a] 'modest' showing does not . . . mean one that the court will rubber-stamp as a proposed class." *Sisson v. OhioHealth Corp.*, No. 2:13-cv-517, 2013 U.S. Dist. LEXIS 162464, at *6 (S.D. Ohio Nov. 14, 2013); *see also Guillen v. Marshalls of MA, Inc.*, 750 F.Supp.2d 469, 480 (S.D.N.Y. 2010) (Plaintiffs' "factual showing, even if modest, must still be based on some substance.").

As evidence to support their motion for conditional certification, Plaintiff Funk and potential opt-in Plaintiff Satterly have submitted declarations stating, in part, that they were employees of both Airstream and Thor. This evidence, however, is not enough to show that Defendant Thor Industries is a "joint employer" even under a lenient conditional certification standard.

**A.  Plaintiffs do not establish that Thor is a "joint employer."**

Plaintiffs have brought Thor into this lawsuit under the bare allegation that Thor was a "joint employer" of Funk and the class she seeks to represent. Without any factual basis explaining the allegations, the First Amended Complaint asserts in conclusory fashion, "Defendants have each jointly been an 'employer' as that term is defined by the FLSA and the

Ohio Acts." (First Am. Compl. ¶ 12.) *See generally Attanasio v. Cmty. Health Sys. Inc.,* 863 F. Supp. 2d 417, 424 (M.D. Pa. 2012) (allegations that defendants exerted "operational control" over other defendants are "squarely on the conclusory side of the spectrum").

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Although this definition is "expansive[]," *see Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992), it is not limitless. See *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 683 F.3d 462, 470-71 (3rd Cir. 2012) (holding that corporate parent was not the employer of its subsidiaries' employees for the purpose of FLSA liability; it had no authority to hire or fire, no authority to promulgate work rules, no authority to set compensation, benefits, schedule, or rates or methods of payment). In the Sixth Circuit, courts examine the "economic realities" to determine whether a party may be considered an "employer" under the FLSA. *See Dole v. Elliott Travel & Tours*, 942 F.2d 962, 965 (6th Cir.1991). Plaintiff must demonstrate an interrelation of operations such as common management, centralized control of labor relations, and common ownership. *Keeton v. Time Warner Cable, Inc*., 2011 U.S. Dist. LEXIS 71472, *8-9 (S.D. Ohio, July 1, 2011).

Plaintiff has offered no evidence of substance regarding Thor's status as her "employer," much less that it is an "employer" of anyone else in her proposed class. While it is true that Airstream is an operating subsidiary of Thor, Plaintiff offers no substantive basis upon which to conclude that Thor has any control over the operations of Airstream. Indeed, the evidence provided cuts *against* any "joint employer" finding. Each of the paystubs provided by Plaintiff as evidence to show the miscalculation of her regular rate for purposes of overtime compensation shows Airstream, Inc. as her employer. (ECF 17-1.)

On the issue of whether Thor should be included in the collective action notice, *Lutz v. Lutz v. Huntington Bancshares, Inc.,* S.D.Ohio No. 2:12-cv-01091, 2013 U.S. Dist. LEXIS 56477 (Apr. 19, 2013) (Frost, J.) in instructive. Before the court in that case was the motion of Plaintiffs (who were employees of Huntington Bank) to conditionally certify a FLSA collective action class for claims related to unpaid overtime. *Id.* at *1-2. Plaintiffs were Huntington Bank underwriters who also sued Huntington Bank's parent company, Huntington Bancshares. (*Id.*) Like Airstream here, Huntington Bank denied liability but did not oppose conditional certification of an FLSA class (though, like Airstream here, Huntington Bank challenged aspects of the plaintiffs' proposed notice to opt-in plaintiffs). The court granted conditional certification, but did not allow parent company Huntington Bancshares to be a collective action defendant:

> Plaintiffs' Complaint alleges that Huntington Bank is a "subsidiary of Huntington Bancshares, Inc." The Complaint then goes on to use the term "Huntington" to refer to Huntington Bank and Huntington Bancshares collectively. Plaintiffs do not explain in their motion for class certification, however, why employees of Huntington Bancshares should be included in a collective action, much less explain how Plaintiffs could be deemed employees of Huntington Bancshares.

*Id.* at *15 n. 1 (citation omitted).

Similarly here, Plaintiff Funk's Amended Complaint uses "Defendants" throughout, lumping Airstream and Thor together as Defendants with nothing more than a conclusory allegation that Thor is a "joint employer." Thor's status as Airstream's parent corporation, standing alone, is insufficient to make it a "joint employer." *See id.* (citing *Gonzalez v. HCA, Inc.*, No. 3:10-577, 2011 U.S. Dist. LEXIS 95774, at *38-39 (M.D. Tenn. Aug. 25, 2011) for the proposition that motion for conditional class certification as to the parent corporation should be denied when plaintiffs failed to show how the parent corporation could be deemed their joint employer).

It is true that Plaintiff Funk and opt-in Plaintiff Satterly each submit a declaration in which they assert, without substantiation, that (1) "Thor representatives often visited Airstream's" facility, (2) that it was "obvious" that Airstream production managers meant "Airstream and Thor" when they discussed production goals, and (3) "Thor representatives monitored production to ensure that production goals were on track." (ECF No. 26-1, Satterly Decl. ¶¶ 13-14; ECF No. 17-1, Funk Decl. ¶¶ 14-16.) These unspecific, conclusory statements— even if they were true (which they are not)—are not enough to support a conclusion that the Thor is a "joint employer" under the FLSA. At *most*, Funk's and Satterly's unspecific declarations show that the parent corporation (Thor) kept track of how its operating subsidiary (Airstream) was doing. "A parent corporation is entitled to establish group-wide financial protocols, monitor the performance of its subsidiaries, and reap financial benefits from their profits" and doing so does not make the parent a joint employer within the meaning of the FLSA. *Gonzalez*, 2011 U.S. Dist. LEXIS 95774, at *38 (quoting *In re Chocolate Confectionary Antitrust Litig*., 641 F. Supp.2d 367, 394 (M.D. Pa. 2009)); *see also Sampson v. MediSys Health Network, Inc.,* E.D.N.Y. No. 10-CV-1342 (SJF)(ARL), 2012 U.S. Dist. LEXIS 103052 (July 24, 2012) (finding no "joint employer" status when there were no facts to indicate that the defendant in question had any direct role in hiring or firing the plaintiffs, supervised or controlled their work schedules, or had any direct role in controlling the plaintiffs' rate and method of payment).

For these reasons, there is no basis upon which to make Thor a part of the collective action notice. *See Lutz, supra.*

### B.   Plaintiffs' proposed notice to the opt-in class is defective.

Even if this Court grants Plaintiffs' motion for conditional certification, it should not approve Plaintiffs' proposed notice to opt-in plaintiffs. (ECF No. 26-3.) Plaintiffs' proposed

notice contains multiple defects that make it a pot for "stirring up litigation" (*Lacy*, *supra*) rather than a fair notice of the pending action.

To be sure, the form and content of a proposed notice to opt-in plaintiffs in an FLSA collective action are "details" normally left to the sound discretion of the district court. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The court's discretion is tempered, however, by the court's duty to "avoid[] communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011) (citing *Hoffman-LaRoche* at 168-69).

The improper "encouragement" that courts must avoid is contained at page one of Plaintiffs' proposed notice. Plaintiffs make much of the fact that Airstream informed its employees of a "payroll error" in the calculation of overtime compensation and gave notice to Airstream employees that "an additional amount" was being provided to them to rectify the error. (ECF No. 26.) Plaintiffs essentially characterize Airstream's effort to make things right with the current employees as sinister and ask this Court to endorse Plaintiffs' characterization of it as such in the proposed notice. In bold print, the notice purports to inform opt-in plaintiffs, in part:

> **If you previously received a correspondence and/or payment from Airstream regarding a "payroll error," you still have the right to participate in this lawsuit. The additional payments you received as a result of the "payroll error" which was identified following the filing of the above lawsuit cannot be used as either a settlement of your claim or a waiver of liability. Any payment received previously is not considered a settlement.**

(ECF No. 26-3, at PageID#194.) With this statement in bold type, Plaintiffs are asking this Court to characterize the previous payment by Airstream to its employees as an effort to "settle" potential claims or have the employees "waive" any claims. But Airstream did not make those payments for that reason; indeed, the notice given by Airstream's Senior Vice President of

Operations makes no mention of "settling" any claim.  Plaintiffs cite no authority for the proposition that the payment made to those employees would be characterized as a "settlement" of claims when it was not made in consideration for a waiver or release of claims. In short, Plaintiffs want this Court to characterize Airstream's payment to its employees as something it is not, in hopes that it will encourage employees to opt in—even though they might have already been compensated fully for the overtime owed.

Also inappropriate is the Description of the Lawsuit at page 2 of the notice.  Plaintiffs ask this Court to inform potential opt-ins that "similarly situated production workers who were employed by Airstream and Thor" were not properly compensated for overtime.  But as noted above, there is no basis upon which to include Thor Industries as an "employer," much less that it employs "production workers."

Also inappropriate is the one-sided nature of Plaintiffs' proposed notice.  The notice makes scant mention of the fact that Defendants deny the allegations in the Complaint and does not indicate that Defendants may have viable defenses to Plaintiffs' claims.  Accordingly, Plaintiffs' notice lacks information that should be included therein.  *See Heaps v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2011 U.S. Dist. LEXIS 40089, at *24 (S.D. Ohio Apr. 5, 2011) (requiring a collective action notice to include language stating that the defendant denies the allegations in the complaint and the defendant's belief that it complied with the FLSA in good faith); *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1121 (W.D. Wash. 2011) (declining to approve plaintiff's proposed notice because it failed to include information about defendant's denial of liability or defendant's defenses); *Tolentino v. C&J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010) (allowing notice to be revised to include a brief explanation of the defendant's bases for disputing liability).

Another defect in Plaintiffs' proposed notice is its misleading, confusing, and incomplete discussion about the potential liability for the costs of this litigation.  Regarding costs, Plaintiffs' proposed notice states:

> You will not be required to pay any legal fees.  Plaintiff's attorneys are being paid on a contingency fee basis, which means that, if there is no recovery, the attorneys will receive nothing.  If there is a recovery, the attorneys will receive a part of any recovery obtained or may seek to obtain a Court Order under which they may receive a fee through a separate payment by Airstream and Thor.

(ECF No. 26-3, at PageID# 197.)

This statement does not mention the Plaintiffs' and potential opt-in plaintiffs' obligation to pay costs associated with this litigation.  In order to make sure that the potential opt-in plaintiffs are able to make an informed decision about whether to join the lawsuit, the notice must accurately state that Plaintiffs remain responsible for the *costs* of suit, regardless of outcome.  Only then can potential opt-in plaintiffs make an informed decision with regard to the risks and benefits of joining this action.

Further, Plaintiffs' notice fails to state that the potential plaintiffs could be held liable for payment of *Defendants'* costs of suit if Defendants prevail.  This Court has held that being made aware of this potential liability "is necessary information for potential plaintiffs to make an informed decision about whether to opt-in as a plaintiff." *Heaps*, 2011 U.S. Dist. LEXIS 40089, at *21.  The notice should therefore contain a statement that the opt-in plaintiffs could be liable for payment of Defendants' costs in the event that Defendants prevail.  *Id. See also Baden-Winterwood v. Life Time Fitness*, No. 2:06-cv-99, 2006 U.S. Dist. LEXIS 53556, at *4 (S.D. Ohio Aug. 2, 2006); *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 580 (N.D. Iowa 2005); *Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 101, 107 (S.D.N.Y. 2003).

Yet another defect in the proposed notice is the section titled "Further Information" on the final page. Potential opt-in plaintiffs are provided only Plaintiffs' attorneys as contact persons. This is highly misleading, as potential opt-in plaintiffs may also contact *Defendants'* attorneys about this case. *See Zwerin v. 533 Short North, LLC*, No. 2:10-cv-488, 2011 U.S. Dist. LEXIS 65880, at * 4-5 (S.D. Ohio June 15, 2011). Defendants' counsel is just as equipped as Plaintiffs' counsel to provide information to potential opt-ins about what the case is about. Plaintiffs' artificial limitation upon which side's counsel the potential opt-ins may contact is simply another way in which Plaintiffs are "stirring up litigation."

For all of these reasons, Plaintiffs' proposed notice to opt-in plaintiffs is not acceptable and should not be endorsed by the Court. Thus, in the event that the Court deems conditional certification appropriate, it should reject Plaintiffs' proposed notice and either (1) issue a more appropriate notice or (2) require the parties to meet and confer with regard to an acceptable form of the notice that is issued to potential opt-in plaintiffs. *See e.g. Sisson*, 2013 U.S. Dist. LEXIS 162464, at *22.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for conditional certification should be denied in part. The motion should be denied in its entirety as to Defendant Thor Industries, which Plaintiffs have not established is a proper FLSA defendant under their conclusory "joint employer" theory. And although Defendant Airstream does not oppose Plaintiffs' request for *conditional* certification of an FLSA collective action, Airstream asks that a more appropriate notice be issued as set forth above.

Respectfully submitted,

DINSMORE & SHOHL LLP

*/s/ Vladimir P. Belo*
Karen S. Hockstad (0061308)
Vladimir P. Belo (0071334)
karen.hockstad@dinsmore.com
vladimir.belo@dinsmore.com
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
P. 614.628.6880
F. 614.628.6890

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, on April 13, 2018.

*/s/ Vladimir P. Belo*
Vladimir P. Belo

12648993v1

12