IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SANDRA FUNK, on behalf of
herself and others similarly
situated,

         Plaintiff,

    v.

AIRSTREAM, INC., *et al.*,

        Defendants.

:

:    Case No. 3:17-cv-260

    JUDGE WALTER H. RICE

:

---

DECISION AND ORDER CLARIFYING DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINITFFS PURSUANT TO 29 U.S.C. § 216(b) (DOC. #38); INSTRUCTIONS TO COUNSEL

---

In its May 16, 2018, Decision and Entry Sustaining Plaintiffs' Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-in Plaintiffs Pursuant to 29 U.S.C. § 216(b), Doc. #38, the Court ordered Defendants, within 14 days, to provide to Plaintiffs' counsel a list, in electronic and importable format of the names, job titles, last known addresses, telephone numbers, e-mail addresses, and dates of employment of all potential opt-in plaintiffs.

During the conference call held that same afternoon, the Court indicated that it would approve the sending of the Notice of Collective Action via regular mail and e-mail, and would approve the sending of a "reminder notice" via e-mail halfway

through the 90-day opt-in period. Counsel for Defendants, however, indicated that Airstream does not collect e-mail addresses of its employees.

In order to avoid delay in sending the Notice of Collective Action, it was agreed that the Notice would be sent via regular mail only. The "Consent to Join" form would be amended to include a line for the opt-in plaintiff's e-mail address. In addition, Defendants would collect the e-mail addresses of all potential opt-in plaintiffs and would submit them to Plaintiffs' counsel within 45 days so that the "reminder notices" may be sent via e-mail.

In its Decision and Entry, the Court certified a collective FLSA class consisting of:

> All current and former hourly, non-exempt employees of Defendants, who were paid by Airstream, Inc., and received any additional form of remuneration during any workweek that they worked over 40 hours in any workweek beginning March 1, 2015, and continuing through the date of final disposition of this case.

Doc. #38, PageID#346. Following discussions with counsel, the Court modifies the class as follows in order to avoid any confusion stemming from the fact that the parties have agreed that it is premature to determine whether Thor Industries, Inc., may be held liable as a "joint employer." The modified class shall consist of the following:

> All current and former hourly, non-exempt employees of Airstream, Inc., who received any additional form of remuneration during any workweek that they worked over 40 hours in any workweek beginning March 1, 2015, and continuing through the date of final disposition of this case.

2

As discussed during the conference call, the Court has also made other minor revisions to the proposed "Notice of Collective Action Lawsuit" and to the "Consent to Join" form.  The revisions are attached to this Decision and Entry. Counsel is directed to review the proposed revisions.  No later than close of business on May 18, 2018, counsel shall send a joint email to rice_chambers@ohsd.uscourts.gov, indicating their objections, if any.  The Court will immediately review those objections and, if needed, will set up a conference call with counsel.

Assuming that Defendants have provided all contact information for the potential opt-in plaintiffs by May 30, 2018, the Court presumes that Plaintiffs' counsel will be able to mail the "Notice of Collective Action Lawsuit" and the "Consent to Join" forms no later than June 4, 2018.  Accordingly, the opt-in period will run from June 4, 2018, to September 4, 2018.

Date: May 17, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

## NOTICE OF COLLECTIVE ACTION LAWSUIT

*Sandra Funk, et al. v. Airstream, Inc., et al.,* 3:17-cv-260
United States District Court, Southern District of Ohio
Western Division at Dayton

TO:   **All current and former hourly, non-exempt employees of Airstream, Inc., who received any additional form of remuneration during any workweek that they worked over 40 hours in any workweek beginning March 1, 2015, and continuing through the date of final disposition of this case.**

RE:   ***Funk, et al. v. Airstream, Inc., et al.***

**DEADLINE: September 4, 2018**

## PLEASE READ THIS NOTICE CAREFULLY

### I.   THE EFFECT OF RECEIVING CORRESPONDENCE AND/OR PAYMENT FROM AIRSTREAM

**Between March and May 2018, you may have received payments from Airstream, Inc. ("Airstream") along with correspondence in which Airstream stated that the payments were being made for compensation of back overtime owed to you.  If you received any such correspondence and/or payment(s) from Airstream between March 2018 and May 2018, you still have the right to participate in this lawsuit. The additional payment(s) received cannot be used as either a settlement of your claims or a waiver of liability. However, the additional payment(s) may reduce any recovery that you might otherwise be entitled to receive.  By electing to participate in this lawsuit, you may or may not be entitled to recover in excess of what Airstream has paid you to date. The right to recovery is not established and is not certain.**

**You are protected from retaliation for your participation in this lawsuit as more fully explained in Section IV.**

### II.   INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit and your option to elect to participate in the lawsuit. You should be aware that this collective action lawsuit is only in the early stages.  The right to recovery is not established and is not certain.  Your decision to participate in this lawsuit does not guarantee that you will receive money. Airstream denies the claims in the lawsuit and denies that it owes additional money to any current or former employees for hours worked in excess of forty (40) in any given workweek.

The Fair Labor Standards Act ("FLSA") protects the right of full-time, hourly employees to be compensated at their regular rates for each hour worked. In addition, it protects the right of employees to be paid overtime at a rate of one and one-half times the individual's regular rate for all hours worked in excess of 40 per week.  A worker may bring a "collective action" on his or her own behalf and on behalf of similarly situated employees.  The worker(s) who brings the lawsuit is called a plaintiff, and those who are sued are called defendants.  With some exceptions, the right to be paid exists even for small amounts of unpaid time.

## III.    DESCRIPTION OF THE LAWSUIT

On March 1, 2018 Sandra Funk started this collective action lawsuit ("Funk" or the "Plaintiff") against Airstream, Inc. ("Airstream") and Thor Industries, Inc., on behalf of herself and other similarly situated employees of Airstream because Funk believes they were not compensated at one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours. Mark Satterly joined the case on March 30, 2018, and Tamera Gates joined the case on May 7, 2018 (collectively, Funk, Satterly, and Gates will be called "Plaintiffs").

Plaintiffs allege that Airstream employees were not paid overtime at the proper rate of pay because Airstream failed to include nondiscretionary bonuses, such as Attendance bonuses and AIRPOOL production bonuses, in its overtime calculations. If Airstream included these non-discretionary bonus payments, employees would have been paid for overtime at a higher rate of pay for every overtime hour worked.

The lawsuit claims that Plaintiffs and others similarly situated were improperly denied overtime compensation in violation of the FLSA. This lawsuit seeks lost overtime wages and an additional equal amount in "liquidated damages," plus litigation costs, expenses, and attorney's fees. In addition, this lawsuit requests an injunction to prohibit Airstream from engaging in alleged future violations of the FLSA.

Airstream denies the Plaintiffs' claims and contends that it, in good faith and at all times, attempted to comply with the overtime pay requirements of the FLSA. If any overtime pay was improperly calculated, Airstream contends such calculation(s) occurred inadvertently by mistake and were not made intentionally. Airstream also contends that the payments Airstream made for back overtime between March 2018 and May 2018 compensate fully for any overtime that Plaintiffs claim is due.

As already stated, the Court has not yet decided who will prevail.

## IV.    NO RETALIATION PERMITTED

If you join this lawsuit, federal law prohibits Airstream from retaliating against you as a result of your participation. The FLSA specifically prohibits an employer from taking an adverse employment action against an employee because he or she is seeking to enforce his or her right to regular and/or overtime pay. Completing and returning a "Consent to Join" is protected by the FLSA from retaliation. The FLSA protects current and former employees from retaliation regardless of whether they are ultimately determined to be entitled to compensation. Thus, whether the lawsuit is won or lost, every current or former employee who opts-in to the lawsuit is protected from retaliation.

## V.    DEFINITION OF THE CLASS

Plaintiffs seek to sue on behalf of themselves and those similarly situated who are current or former hourly, non-exempt Airstream employees employed on or after March 1, 2015, who received additional remuneration in workweeks that they worked over forty (40) hours.

If you received a copy of this notice in an email or envelope specifically addressed to you, the records of Airstream indicate that you fit the definition.

## VI.    YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

We have been authorized by Judge Walter H. Rice of the United States District Court for the Southern District of Ohio, Dayton Division, to notify you, as a current or former hourly, non-exempt Airstream employee, that a lawsuit has been filed, alleging that Airstream violated wage and hours laws for employees who were paid

one-and-one-half times their regular hourly rate of pay for all hours worked over forty (40) in a workweek since March 1, 2015. By sending in the attached opt-in consent, you may join the lawsuit to seek compensation for these hours worked since March 1, 2015, but not paid.

The Court's authorization to send this Notice does not mean that your claim to additional overtime compensation will be upheld by the Court. Sending a Notice is separate from a determination on entitlement to pay, and only informs you of your right under the Fair Labor Standards Act to participate in this case.

**If you worked for Airstream as an hourly, non-exempt employee and you received Attendance or production bonus payments in any workweek that you also worked over 40 hours, you may join the lawsuit by sending in the attached "Consent to Join."**

You may join this lawsuit by mailing your completed and signed "Consent to Join" in the self-addressed stamped envelope provided or by otherwise sending the "Consent to Join" by mail, email, or fax to one of the following addresses:

| | |
|---|---|
| **Coffman Legal, LLC** | **Bryant Legal, LLC** |
| Matthew J.P. Coffman | Daniel I. Bryant |
| 1457 S. High St. | 1457 S. High St. |
| Columbus, Ohio 43207 | Columbus, Ohio 43207 |
| Telephone: (614) 949-1181 | Telephone: (614) 704-0546 |
| Fax: (614) 386-9964 | Fax: (614) 573-9826 |
| Email: mcoffman@mcoffmanlegal.com | Email: dbryant@bryantlegalllc.com |
| www.mcoffmanlegal.com | www.bryantlegalllc.com |

If you wish to opt-in, your "Consent to Join" must be returned postmarked **no later than September 4, 2018**. If you fail to return the "Consent to Join" by the September 4, 2018, deadline, you will not be able to participate in the lawsuit, and you will not be eligible to participate in any recovery that may be obtained by the lawsuit.

If you file a "Consent to Join," your continued right to participate in the lawsuit may depend upon later decisions by the District Court concerning the appropriateness of collective action treatment and whether you are similarly situated to other participants and other matters.

## VII. <u>EFFECT OF JOINING THIS LAWSUIT</u>

If you join the lawsuit, and the Court finds that Airstream did not correctly calculate your regular rate of pay for purposes of calculating overtime compensation, you may be entitled to monetary recovery. In addition to any unpaid overtime compensation, you may also be entitled to up to an equal amount in liquidated damages. However, liquidated damages are not guaranteed, and are not available if Airstream shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and it had reasonable grounds for believing that its act or omission was not a violation of the FLSA.

If you join the lawsuit, and the Court rules in favor of Airstream, you will be entitled to no relief. The Court may also find that, while Airstream made an error, you have already been made whole by Airstream and are not entitled to any further damages.

You should also understand that, as a party to this lawsuit, there is a possibility that you may be required to provide information about your employment with Airstream, answer written questions, produce documents and/or testify at a pre-trial deposition or at trial.

You will not be required to pay any legal fees. Plaintiffs' attorneys are being paid on a contingency fee basis, which means that, if there is no recovery, the attorneys will receive nothing. If there is a recovery, the attorneys will receive a part of any recovery you might obtain, or may seek to obtain a Court Order under which they may receive a fee through a separate payment by Airstream. However, Plaintiffs, including those who opt-in to the lawsuit, will remain responsible for paying their expenses of the litigation, and may also be held liable for Airstream's costs of the litigation if Airstream prevails.

By joining this lawsuit, you are designating the attorneys identified in Section IX to represent your interest. In addition, by joining this lawsuit you will be bound by the judgment of the Court on all issues in this case, including the reasonableness of any settlement.

## VIII.  <u>NO LEGAL EFFECT OF NOT JOINING THE LAWSUIT</u>

If you do not join the lawsuit, you will not be affected by any judgment or settlement resulting from the lawsuit and relating to Plaintiffs' claims. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if the claims made on behalf of the class are successful. This also means that you keep any rights to file your own suit against Airstream about the same legal claims in this lawsuit; however, the limitations period on your legal claims will continue to run until you do.

## IX.   <u>YOUR LEGAL REPRESENTATION IF YOU JOIN</u>

The attorneys for Plaintiffs and any Airstream employee that elects to join this case are the law firms of Coffman Legal, LLC and Bryant Legal, LLC. Their addresses and phone numbers are as follows:

<table>
<tr><td align="center"><b>Coffman Legal, LLC</b><br>Matthew J.P. Coffman<br>1457 S. High St.<br>Columbus, Ohio 43207<br>Telephone: (614) 949-1181<br>Fax: (614) 386-9964<br>Email: mcoffman@mcoffmanlegal.com<br>www.mcoffmanlegal.com</td><td align="center"><b>Bryant Legal, LLC</b><br>Daniel I. Bryant<br>1457 S. High St.<br>Columbus, Ohio 43207<br>Telephone: (614) 704-0546<br>Fax: (614) 573-9826<br>Email: dbryant@bryantlegalllc.com<br>www.bryantlegalllc.com</td></tr>
</table>

If you choose to join the lawsuit, the law firms listed above will be representing you unless you obtain another attorney. You have the option to retain an attorney of your own choice.

## X.  <u>FURTHER INFORMATION</u>

For further information about this lawsuit, you may contact Plaintiffs' counsel by mail, telephone, or email at the addresses indicated above in section IX. You may also contact Airstream's defense counsel as follows:

Dinsmore & Shohl LLP<br>
Karen S. Hockstad<br>
Vladimir P. Belo<br>
191 W. Nationwide Blvd., Suite 300<br>
Columbus, Ohio 43215

Telephone: (614) 628-6880
Email:  karen.hockstad@dinsmore.com
vladimir.belo@dinsmore.com


**THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT JUDGE WALTER H. RICE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION.  THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THIS LAWSUIT.**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

Sandra Funk,                                        *

    On behalf of herself and other          *
    members of the general public                Case No. 3:17-cv-260
    similarly situated,                      *
                                          Judge Walter H. Rice
                            Plaintiff,   *

v.                                                  *

Airstream, Inc., *et al.*,                          *

                        Defendants.     *

                                            *

## <u>CONSENT TO JOIN</u>

I have read the accompanying document entitled "NOTICE OF COLLECTIVE ACTION LAWSUIT," and I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), to participate as a plaintiff in the above-captioned lawsuit and to pursue all FLSA claims asserted therein. I agree to be represented by the law firms of Coffman Legal, LLC and Bryant Legal, LLC. I understand that I will be bound by the judgment of the Court on all issues in this case, including the fairness of any settlement.

_____                    _____
Signature                                          Date

_____                    _____
Name (Please Print Neatly)                         Email address

_____
Address

_____
City, State, Zip Code

_____
Phone Number

    To participate in this action, you must return this form to the following address in the prepaid envelope postmarked **on or before September 4, 2018**. You can also join this lawsuit by emailing your completed "Consent to Join" to mcoffman@mcoffmanlegal.com or faxing it to 614-386-9964 by **September 4, 2018.**

**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 949-1181 Fax: (614) 386-9964
www.mcoffmanlegal.com